

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 10, 1939

Honorable O. F. Petet
Secretary, Railroad Commission of Texas
Austin, Texas

Dear Mr. Petet:

Opinion No. O-77

Re: Whether change of train sche-
dule of Fort Worth & Denver
City Railway at Amarillo,
Childress and Texline consti-
tutes removal of "home termi-
nals" as used in Article 6286,
Revised Civil Statutes

On July 5, 1938, you wrote a letter to this Office re-
questing an opinion in response to the question hereafter men-
tioned, and in your letter of January 10, 1939, you requested our
answer to such question which, in substance, is as follows:

Was the action of the Fort Worth and Denver Railway in
changing the longest lay-over period of six men from Childress to
Amarillo a change of home terminal within the meaning of Article
6286, Revised Civil Statutes, which would require such railway
company to obtain permission of the Railroad Commission of Texas
before making such change?

A transcript of testimony taken at Amarillo, Texas, on
August 25, 1938, before the Secretary of the Railroad Commission
was given to us along with your letter, and from it we find the
following facts to be undisputed, to-wit: Trains Nos. 1 and 2 oper-
ated between Childress and Texline. Three crews of two men each,
being six men, had their longest lay-over changed from the city of
Childress to the city of Amarillo. The testimony shows that five
of those men lived in Amarillo prior to this change in the point
of longest lay-over.

The sixth man, who lived in Childress, was changed to
another train so that Childress remained his place of longest
lay-over. The evidence shows that all this was entirely agreeable
with all persons concerned or interested.

Article 6461, Revised Civil Statutes, relating to the handling of complaints against railroads provides that "If there shall appear to the Commission any reasonable grounds for investigating such complaint (4) if it finds that such violation was not wilful, it may call upon said road to satisfy the damage done to the complainant thereby, stating the amount of such damage, and to pay the cost of such investigation; and if the said railroad shall do so within the time specified by the Commission there shall be no prosecution by the State."

We do not believe it is at all necessary in this instance to attempt to define the term "home terminal", for under the particular facts and circumstances of this case, if there was a change of home terminal or home terminals, the same could not be considered wilful, nor was there any damage done of which the law could take notice.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS